IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-359-FL

| ANITA THOMAS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CUMBERLAND COUNTY SCHOOLS et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court to address various motions relating to access and review of certain filings. Specifically, the court has considered the motion of Lee Tart Malone ("Ms. Malone") to file a declaration under seal (DE # 43), the motion of plaintiff to file her reply and supporting documents under seal (DE # 48), and the motion of plaintiff for leave to supplement her reply (DE # 49). These matters are ripe for adjudication.

**BACKGROUND**

On May 5, 2010, plaintiff through counsel filed a stipulation of dismissal of her pending claims in this action with prejudice. On December 3, 2010, plaintiff (now proceeding *pro se*) moved to reopen her case pursuant to Rule 60(b), arguing that she did not authorize a dismissal with prejudice. The court, by order entered December 8, 2010, directed the parties to brief the matter. The court also requested a response from plaintiff's former counsel, Ms. Malone.

On December 28, 2010, Ms. Malone moved for leave to file her declaration in response to plaintiff's motion under seal, seeking *in camera* review by the court. She argues that her declaration contains information covered by the attorney-client privilege, and seeks to restrict defendants'

access to the declaration. Plaintiff, by a filing dated January 14, 2011, stated that she has no objection to the motion for *in camera* review, but requests that her sister and mother be allowed to attend any such review by the court. She also seeks to be allowed to view the declaration.

Defendants filed a response in opposition to plaintiff's Rule 60(b) motion on December 28, 2010. Plaintiff, on January 14, 2011, filed her reply. By separately filed motion, she seeks to file the reply and supporting documents under seal, and to subject them to *in camera* review by the court. In a motion dated January 20, 2011, plaintiff moved to supply additional evidence in support of her reply, which she also presumably wishes to place under seal.

## DISCUSSION

A.   Ms. Malone's Motion to Seal and for *In Camera* Review

The court finds good cause to maintain Ms. Malone's declaration under seal and to deny defendants access to the document where the attorney-client privilege is at issue. As such, her motion for leave to file the declaration under seal and for *in camera* and *ex parte* review is ALLOWED. However, plaintiff's request that her sister and mother to be present when the declaration (or any other material) is viewed by this court *in camera* is denied.

The court turns now to plaintiff's request for access to the declaration filed by Ms. Malone. It appears to the court that this request is well-founded, and Ms. Malone has offered no reason why plaintiff should not have access to the declaration. Accordingly, within seven days from entry of this order, she is directed to either (1) file a certificate of service on the docket indicating that plaintiff has been given a copy of the declaration or (2) show cause why plaintiff should not be allowed to view the same.

2

B.  Plaintiff's Motion to Seal and for *In Camera* Review

The court finds no reason to seal plaintiff's reply at docket entry 46 or her response to Ms. Malone's motion at docket entry 47. However, the materials submitted under separate cover in support of her reply do contain matters arguably governed by the attorney client privilege. These materials are properly maintained under seal and protected from disclosure to defendants, and will be reviewed by the court *ex parte* and *in camera*. Accordingly, plaintiff's motion to seal and for *in camera* review is DENIED IN PART and ALLOWED IN PART.

As with Ms. Malone's declaration, although the court will restrict the information from defendants, the court finds no reason why plaintiff's former counsel should not have access to material simply because it is covered by the attorney-client privilege. Accordingly, within seven days of receipt of this order plaintiff is directed to (1) file a certificate of service indicating that Ms. Malone has been given copies of the materials or (2) show cause why Ms. Malone should not have access to the materials.

C.  Plaintiff's Motion for Leave to Supplement Her Reply

Finally, the court turns to plaintiff's motion for leave to supplement her reply. The court in its discretion ALLOWS this request. The clerk, in an abundance of caution, properly has maintained the proposed supplemental material under seal pending review by this court. The court finds that the supplemental material does not implicate the attorney-client privilege, and can discern no other reason why these materials should be maintained under seal. Accordingly, the clerk of court now is directed to unseal these materials.

3

## CONCLUSION

For the reasons set forth above, Ms. Malone's motion for leave to file her declaration under seal and for *in camera* and *ex parte* review (DE # 43) is ALLOWED. Plaintiff's motion to seal and for *in camera* review of various documents (DE # 48) is DENIED IN PART and ALLOWED IN PART. Plaintiff's motion for leave to supplement her reply (DE # 49) is ALLOWED.

Ms. Malone and plaintiff are each given seven days from date of entry of this order to serve on one another their respective filings placed under seal, or to show cause why they should not be required to do the same. Although it is requiring service of these materials, the court does not anticipate the need for any further briefing. Should plaintiff or Ms. Malone disagree, they should move for leave to supplement their filings within fourteen days of entry of this order. No further response is required from defendants, how have adequately set forth their position in the response in opposition.

For purposes of preservation of the record, the clerk of court is directed to place Ms. Malone's declaration and the sealed materials submitted in support of plaintiff's reply on the docket in a manner that will not permit access by the public or the parties in this case.

SO ORDERED, this the 28th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge